IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-876 (SLR) |
| v. | ) ) | |
| BIONPHARMA, INC., | ) ) | |
| Defendant. | ) | |
| SILVERGATE PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-016 (SLR) |
| BIONPHARMA, INC., | ) ) | |
| Defendant. | ) | |

## **[PROPOSED] SCHEDULING ORDER**

At Wilmington this _____day of February, 2017, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

**1.     Consolidation** These actions are consolidated for all purposes. All papers will be filed in C.A. No. 16-876.

**2.     Fact Discovery**.

a)     All fact discovery shall be commenced in time to be completed by **February 3, 2018**.

b) **Initial Disclosures.**[1]  Absent agreement among the parties:

1) On or before **February 23, 2017**, the parties shall exchange the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2) On or before **March 9, 2017**, the parties shall meet and confer regarding the Disclosures identified in Paragraph 3 of the Delaware Default Standard for Discovery.

3) On or before **March 9, 2017**, plaintiff shall identify the accused product(s) and the asserted patent(s) it alleges are infringed, and produce to defendant the file history of each asserted patent.

4) On or before **April 10, 2017**, defendant shall produce to plaintiff its ANDA, amendments thereto, and all correspondence with FDA relating to plaintiff's ANDA.

5) On or before **May 10, 2017**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

6) On or before **June 9, 2017**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

c) **Document production.**

1) Maximum of **100** requests for production by each party to any other party.

---

[1] The Court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

        2)      Discovery of paper and electronic documents shall be completed on or before **September 15, 2017**.

    d)    **Depositions.**

        1)      No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

        2)      The number of fact depositions is limited to *[Plaintiff's Position: 10] [Defendant's Position: 15]* depositions per side.[2] Each deposition is limited to a single day of 7 hours of testimony absent agreement of the parties or order of the Court.

    e)    **Written Discovery.**

        1)      Each side will be permitted a total of 25 interrogatories.

        2)      Final infringement contentions[3] shall be due on or before **February 28, 2018**.

        3)      Final invalidity contentions shall be due on or before **February 28, 2018**.

        4)      Maximum of **40** requests for admission by each party to any other party, excluding requests for admission relating to authenticity for which there shall be no limit.

    f)    **Supplementation.**  No later than **February 21, 2018**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

---

[2]    If the parties are unable to come to a resolution as to the number of fact depositions, the Court will conduct a status teleconference to resolve this issue on **September 25, 2017 at 3:00 P.M.**

[3]    The adequacy of all such contentions shall be judged by the level of detail each part provides; i.e., the more detail a party provides, the more detail a party shall receive.

3.     **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and/or to amend pleadings shall be filed on or before **February 28, 2018.**

4.     **Settlement Conference.**   Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

5.     **Claim Construction.**[5]

a)     The parties shall exchange lists of those claim terms in need of construction on or before **June 30, 2017**.

b)     The parties shall exchange their respective proposed constructions on or before **July 14, 2017**.

c)     The parties shall agree upon and file a Joint Claim Construction Statement on **July 28, 2017**. For any contested claim limitation, each party must submit a proposed construction.[6]

d)     Plaintiff shall serve and file its opening brief on claim construction on or before **September 11, 2017**.

e)     Defendant shall serve and file its answering claim construction brief on or before **October 16, 2017**.

f)     Plaintiff shall serve and file its reply brief on or before **November 6, 2017**.

---

[4]     The court may also refer ADR to a Special Master.

[5]     The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[6]     Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

g) Defendant shall serve and file its surreply brief on or before **November 22, 2017**.

h) The court shall conduct a hearing on claim construction on **December 7, 2017 at 10:00 A.M**.[7]

i) The court shall issue its decision on claim construction on or before **February 7, 2018**.

j) The court shall thereafter conduct a status conference on **February 27, 2018 at 4:30 P.M.**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

**6. Expert Discovery.**

a) All expert discovery shall be commenced in time to be completed by **August 9, 2018**.

b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **March 23, 2018**. Rebuttal expert reports shall be served on or before **April 27, 2018**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **May 25, 2018**.

c) Expert depositions are limited to a maximum of **7 hours per expert**, absent agreement of the parties or order of the court.

d) The court shall conduct an in-person status conference on **August 22, 2018 at 4:30 P.M.** if the parties have any issues regarding expert discovery. No *Daubert*

---

[7] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

7. **Fact Witnesses to be Called at Trial.** Within three (3) weeks following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within three (3) weeks of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8. **Motion Practice.**

    a) No summary judgment motions filed in this action.

9. **Communications with the Court.**

    a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

    b) No telephone calls shall be made to chambers.

    c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms [to slr civil@ded.uscourts.gov.](mailto:slrcivil@ded.uscourts.gov) The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

    d) To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

-7-

**10.     Motions in Limine.**  No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

**11.     Pretrial Conference.** A pretrial conference will be held on **September 20, 2018 at 4:30 P.M.** The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

**12.     Trial.** This matter will be scheduled for a **four-day bench trial** commencing on **October 22, 2018**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____
United States District Judge