IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:16-cv-00876-MSG |
| BIONPHARMA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT BIONPHARMA INC.'S UNOPPOSED MOTION TO COMPEL
PRODUCTION OF ASSIGNMENTS AND LICENSES OF THE PATENTS-IN-SUIT**

Defendant Bionpharma Inc. ("Defendant" or "Bionpharma") respectfully requests this Court to compel production of all assignments and licenses pertaining to U.S. Patent Nos. 8,568,747 (the "'747 patent") and 8,778,366 (the "'366 patent") (collectively, "patents-in-suit"). To date, co-patentee Silvergate has not produced licenses and assignments directed to the patents-in-suit, including any license between co-assignee the University of Kansas ("U. Kansas") and Silvergate. Silvergate's standing to maintain the instant suit without U. Kansas as a party is predicated on the language of those licenses and assignments. Silvergate has stated that it does not oppose production of these documents, but that it is subject to a confidentiality agreement with the Institute of Pediatric Innovation ("IPI"), a non-party to this action. The parties are subject a Protective Order (D.I. 29), negating any such concerns.

This patent infringement action arises under the Hatch-Waxman Act and from Bionpharma's filing of an Abbreviated New Drug Application ("ANDA") seeking FDA approval to market a generic version of Silvergate's Epaned (enalapril) Kit® prior to the expiration of the patents-in-suit.

1

The parties are currently engaged in fact discovery, which is scheduled to end on February 2, 2018. Bionpharma has requested that Silvergate produce "[a]ll documents and things referring or relating to or constituting any assignment, license, contract, authorization, agreement, stipulation, settlement, or negotiations involving Plaintiff in regard to any legal right to the Patents-in-Suit, or any legal right to any of the alleged inventions or products referred to in Plaintiff's complaint, including, but not limited to, enalapril and/or Epaned Kit." Bionpharma further issued an Interrogatory directing Silvergate to "[i]dentify any right, title, or interest, and any assignment, transfer, covenant not to sue, or license of such right, title, or interest, including discussions and negotiations, to the subject matter of the Patents-in-Suit or any patents or patent applications related to the Patents-in-Suit …." In response to this Interrogatory, Silvergate relied on Fed. R. Civ. P. 33(d), stating that the Answer to this Interrogatory may be found in Silvergate's business records, production of which was forthcoming.

The Court should compel production of these licenses and assignments. The information sought is relevant under Rule 26. "[A]s a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). Consequently, "one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." *Id.* (*citing Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 344 (Fed. Cir. 1997)). There are only very narrow exceptions to this rule concerning standing relevant here: "if a patentee transfers 'all substantial rights' to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340

(Fed. Cir. 2007). The faces of the patents-in-suit, and the U.S. Patent and Trademark Office's electronic assignment database both show that the patents-in-suit are co-owned by Silvergate and U. Kansas, yet only Silvergate is a party to this action. Bionpharma is entitled to discovery as to whether Silvergate has standing to maintain the instant suit as a sole co-owner of a jointly-owned patent.

Furthermore, Silvergate has consented to produce such documents, but has stated that it is subject to a third-party confidentiality agreement with the IPI, a non-party to this action. Courts, including those in this district, have ordered production of documents subject to third party confidentiality agreements. *See, e.g., Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 259-61 (D. Del. 1979) (confidential information is discoverable under a protective order); *Opperman v. Allstate N.J. Ins. Co.*, No. 07-1887, 2008 WL 5071044, at *4 (D.N.J. Nov. 24, 2008) (compelling party to produce a third party's confidential information); *Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 24-25 (D. Conn. 2008) (ordering plaintiff to produce the confidential information of third parties in direct competition with defendant). A protective order is in place in the instant litigation (D.I. 29), which adequately protects the confidentiality of the documents to be produced.

For the above reasons, Bionpharma respectfully requests that this Court order production of all licenses and assignments pertaining to the patents-in-suit. Submitted herewith is a proposed form of order for the Court's consideration.

Dated:  January 17, 2018

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

*Of Counsel*:

Brian P. Murray
Andrew M. Alul
Richard T. Ruzich
Taft, Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
bmurray@taftlaw.com
aalul@taftlaw.com
rruzich@taftlaw.com

*Attorneys for Defendant
Bionpharma Inc.*